IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2090-D

**Jamelle Monque Best**,

    Petitioner,

v.

**Bryan Wells**,

    Respondent.

**Order &
Memorandum & Recommendation**

  This matter is before the court on Respondent's motion for summary judgment (D.E. 6) and Petitioner's cross-motion for summary judgment (D.E. 12). Also before the court is Petitioner's motion to appoint counsel. D.E. 10. After examining all pending motions, the undersigned denies Petitioner's motion to appoint counsel and recommends that Respondent's motion for summary judgment be granted, that Petitioner's cross-motion for summary judgment be denied, and that the Petitioner's habeas petition be dismissed.

  On May 2, 2014, Jamelle Monque Best, a state inmate, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1), together with two exhibits (D.E. 1-1). On March 20, 2015, Respondents filed an answer (D.E. 5) and a motion for summary judgment (D.E. 6), accompanied by seven exhibits (D.E. 7-1–7-11. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Best about the motion for summary judgment, the consequences of failing to respond, and the response deadline. D.E. 8. On March 31, 2015, Best filed a motion for extension of time to file his answer (D.E. 9) and a motion to appoint counsel (D.E. 10). After receiving the requested extension (D.E. 11) on April 14, 2015, Best filed a cross-motion for summary judgment and response in opposition to Respondent's

motion for summary judgment (D.E. 12). On May 5, 2015, Best filed a supplement to his cross-motion and response (D.E. 13), accompanied by a 47-page exhibit (D.E. 13-1). On May 14, 2015, Best filed a duplicate copy of the supplement with an original signature in response to a notice of deficiency by the court. D.E. 15. As explained below, the undersigned recommends that the district court grant Respondent's motion for summary judgment (D.E. 6) and deny Best's cross-motion for summary judgment (D.E. 12).

I. **Background**

On October 24, 2011, Best pled guilty in North Carolina Superior Court to possession of a firearm by a felon, possession of cocaine, maintaining a dwelling for the sale or use of controlled substances, and attaining the status of a habitual felon. Pet. for Habeas Corpus at 1, D.E. 1. The trial court sentenced Best to a term of imprisonment from 77 months to 102 months. *State v. Best*, 735 S.E. 2d 451, 2012 WL 5859670, at *1 (N.C. Ct. App. Nov. 20, 2012) (unpublished). The North Carolina Court of Appeals summarized the facts of this case as follows:

> Detective C.W. Kilpatrick (Det. Kilpatrick) of the Clayton Police Department filed an application for a search warrant on 15 June 2010 to search Defendant's residence. Det. Kilpatrick also filed an affidavit in support of a search warrant (the affidavit), based largely on information provided by a fifteen-year-old girl who will be referred to herein as "the juvenile." The juvenile told Det. Kilpatrick that she "would hang out at [Defendant's] residence" and that Defendant would give her marijuana, cocaine, and alcohol. The juvenile told Det. Kilpatrick that on two occasions she and Defendant had sexual intercourse at Defendant's residence. The juvenile also told Det. Kilpatrick that, while at Defendant's residence, she had observed Defendant with a handgun. Det. Kilpatrick knew that Defendant was a felon and that he was thereby prohibited from possessing a handgun.
>
> Det. Kilpatrick was issued a search warrant that he executed and that eventually led to Defendant's arrest and to the charges in this matter. Defendant filed a motion to suppress the evidence, discovered pursuant to the search warrant, on the grounds that, *inter alia,* there was no indication that the juvenile was reliable or

2

> credible. The trial court denied Defendant's motion to suppress in an order entered 14 October 2011.

*Id.* at *1. On appeal, the North Carolina Court of Appeals affirmed the Superior Court's judgment and its order denying Best's motion to suppress. *Id.* at *6.

On December 9, 2013, Best filed a *pro se* motion for appropriate relief ("MAR") in Superior Court. The court denied Best's MAR on February 14, 2014. *See* Resp't's Mem. Supp. Mot. Summ. J., Ex. 5, D.E. 7-8 (MAR); Pet. Ex., D.E. 1-1 pp 2–3 (Order). On March 13, 2014, Best filed a *pro se* petition for certiorari in the North Carolina Court of Appeals. Resp't's Mem. Supp. Mot. Summ. J., Ex. 6, D.E. 10. On March 28, 2014, the Court of Appeals denied Best's petition. Pet. Ex., D.E. 1-1, p. 1 (Order). Best filed the instant petition on May 2, 2014. D.E. 1.

## II. Motion for Appointment of Counsel

The court now turns to Best's motion to appoint counsel. D.E. 10. No right to counsel exists in habeas corpus actions. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Best has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, Best's motion to appoint counsel is denied.

## II. Petition for a Writ of Habeas Corpus

### A. Summary Judgment Standard

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a

3

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, *Anderson*, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. *Anderson*, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011).

### B. Standard of Review under AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a person in custody pursuant to the judgment of a state court file any application for a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(l)(A)-(D); *see Frasch v. Peguese*, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 560–61. However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief will count against the one-year limitation period. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 638 (2010); *Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Thus, only the "pending period" is tolled. Once the state's highest court orders a final disposition in the state post-conviction proceedings, the prior limitations period resumes. *See, e.g.*, *Holland*, 560 U.S. at 635, 638; *Hernandez*, 225 F.3d at 438–39; *Harris*, 209 F.3d at 327.

### C. Timeliness of Best's Petition

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). As noted above, Best filed an appeal which the North Carolina Court of Appeals denied on November 20, 2012. *See State v. Best*, 735 S.E. 2d 451, 2012 N.C. App. LEXIS 1282 (2012). Best's judgment became final on December 26, 2012, when his time to seek a petition for discretionary review expired.

The limitations period ran from December 26, 2012 until Best filed his motion for appropriate relief (MAR) in Superior Court on December 9, 2013, a period of 348 days. The filing of the MAR tolled the limitations period until the North Carolina Court of Appeals denied his petition for a writ of certiorari on March 28, 2014. 28 U.S.C. § 2244(d)(2). At this point, Best had until April 14, 2014, to file his Petition. However, he did not file it until April 29,

5

2014, 15 days after the limitations period expired. Accordingly, absent equitable tolling, Best's Petition is untimely.

AEDPA's one-year statute of limitations is subject to equitable tolling. *Holland*, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted); *see Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green*, 515 F.3d at 304 (quotations omitted); *see Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc); *Jackson v. Kelly*, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F.3d at 330.

Best has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. *See Whiteside*, 775 F.3d at 186. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512–13 (4th Cir. 2004); *Harris*, 209 F.3d at 330–31 (collecting cases); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam). Best has not put forth any reason why he did not or could not file the present petition within ADEPA's one-year statute of limitations period. Therefore, his petition should be dismissed as time-barred.

D.  **Best's Cross-Motion for Summary Judgment**

Best's cross-motion for summary judgment does not provide a basis for granting his petition. In it, Best argues, in conclusory terms, that he has not had an opportunity to obtain the facts necessary to support his argument and that his constitutional rights have been violated. His pleadings reiterate arguments already presented. Therefore, the undersigned recommends that Best's cross-motion for summary judgment be denied.

IV.  **Conclusion**

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted (D.E. 6); that Best's cross-motion for summary judgment be denied (D.E. 12); and that Best's petition for writ of habeas corpus be dismissed without prejudice (D.E. 1). The undersigned also denies Best's motion to appoint counsel (D.E. 10).

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Best. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Best does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding**

7

**district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: December 2, 2015

                                                              ROBERT T. NUMBERS, II
                                                              UNITED STATES MAGISTRATE JUDGE