IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2090-D

| | |
|---|---|
| JAMELLE MONQUE BEST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| BRYAN WELLS | ) |
| | ) |
| Respondent. | ) |

**ORDER**

On April 29, 2014, Jamelle Monque Best ("Best" or "petitioner"), a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and two exhibits. See Pet. [D.E. 1]; [D.E. 1-1].¹ On March 13, 2015, the court allowed the action to proceed. See [D.E. 3]. On March 20, 2015, Bryan Wells ("Wells" or "respondent") filed an answer [D.E. 5], a motion for summary judgment [D.E. 6], a memorandum in support of the motion for summary judgment [D.E. 7], and eleven exhibits [D.E. 7-1–7-11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Best of the motion for summary judgment, the consequences of failing to respond, and the response deadline. See [D.E. 8]. On March 31, 2015, Best requested an extension of time [D.E. 9] and counsel [D.E. 10]. On April 14, 2015, Best filed a cross-motion for summary judgment and response in opposition to Wells's motion for summary judgment [D.E. 12]. On May 5, 2015, Best supplemented his cross-motion and response [D.E. 13],

---

¹ The motion was filed on May 2, 2014, but Best signed the motion on April 29, 2014. See [D.E. 1] 14. The court gives Best the benefit of the prison mailbox rule. See, e.g., Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam).

accompanied by a 47-page exhibit [D.E. 13-1]. On May 14, 2015, Best filed a duplicate copy of the supplement with an original signature in response to a notice of deficiency [D.E. 15].

On December 2, 2015, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 16] recommending that the court deny Best's motion to appoint counsel [D.E. 10], grant Wells's motion for summary judgment [D.E. 6], dismiss Best's habeas petition as untimely, and deny Best's cross-motion for summary judgment [D.E. 12]. On December 21, 2015, Best requested an extension of time to file objections to the M&R [D.E. 17]. In that document, Best noted several objections to the M&R. Id. The court granted Best an extension of time to January 20, 2016. See [D.E. 18]. On January 20, 2016, Best filed a second motion for extension of time [D.E. 21] and made the same objections to the M&R that he made on December 21, 2015. The court granted Best a second extension of time to February 16, 2016 [D.E. 22]. Best failed to file additional objections. Thus, the court considers the objections to the M&R contained in Best's motions for extension of time. See [D.E. 17, 21] As explained below, the court adopts the conclusions in the M&R, overrules Best's objections, grants respondent's motion for summary judgment, denies Best's cross-motion for summary judgment, and dismisses the habeas petition as untimely.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. Diamond v. Colonial Life &Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond,

2

416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Best's objections. As for those portions of the M&R to which Best made no objection, the court concludes that there is no clear error on the face of the record.

The court has reviewed Best's objections de novo. Best filed his habeas petition on April 29, 2014, ten days after his limitations period expired. Thus, the petition appears untimely under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). Nonetheless, Best contends that the court should apply equitable tolling and find his petition timely. See Objs. [D.E. 17] 1–2; Objs. [D.E. 21] 1–2.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (A)–(D); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560–61 (4th Cir. 1999). An

3

application for postconviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. See Taylor, 186 F.3d at 560–61. However, the time between when a petitioner's conviction becomes final and when a petitioner files a state application for postconviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Once the state's highest court orders a final disposition in the state postconviction proceedings, the limitations period resumes. See, Holland, 560 U.S. at 638; Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327.

Subsection (A) of section 2244(d)(l) requires the court to determine when a petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). On October 24, 2011, the state trial court entered judgment in Best's criminal case. See [D.E. 7-5] 36. Best timely appealed his conviction and sentence to the North Carolina Court of Appeals, and on November 20, 2012, that court affirmed Best's conviction and sentence. State v. Best, No. COA 12-409, 735 S.E. 2d 451, 2012 WL 5859670, at *6 (N.C. Ct. App. Nov. 20, 2012) (unpublished). On December 10, 2012, the mandate issued. See N.C.R. App. P. 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed.). Best then had fifteen days (i.e., until December 26, 2012) to file a petition for discretionary review. See N.C.R. App. P. 15(b). He did not do so. Therefore, absent a later date on which Best's claims accrued or an applicable tolling period, the AEDPA's one-year statute of limitations began to run on December 26, 2012, and ran until Best filed his motion for appropriate relief ("MAR") in state court on December 4, 2013, a period of 343 days. See [D.E. 7-8] 2; [D.E. 7-9] 6; Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598, 601 (M.D.N.C. 2004), appeal dismissed, 145 F. App'x 444 (4th Cir. 2005) (per curiam) (unpublished).[2] Filing the MAR tolled the limitations

---

[2] This calculation again gives Best the benefit of the prison mailbox rule. The date stamp on the document that Best provided shows that the MAR was filed on December 9, 2013. See [D.E.

4

period until the North Carolina Court of Appeals denied his petition for a writ of certiorari on March 28, 2014. See 28 U.S.C. § 2244(d)(2); [D.E. 1-1] 1. At this point, Best had 22 days remaining, until April 19, 2014, to file his petition. Best, however, did not file it until April 29, 2014, ten days after the limitations period expired. Accordingly, absent equitable tolling, Best's petition is untimely.

Under the AEDPA, the one-year statute of limitations is subject to equitable tolling. See Holland, 560 U.S. at 645–49. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649 (quotation omitted); Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 95–96 (1990); Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); United States v. Shank, 395 F.3d 466, 470 n.6 (4th Cir. 2005); United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). A court may allow equitable tolling "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result. Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 447, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Best argues that equitable tolling should apply because he diligently pursued his rights by filing his "num[e]rous Post Conviction and Collateral Attack actions." [D.E. 17] 1; [D.E. 21] 1. Best, however, did not file his MAR in state court until 343 days after his limitations period began to run. Although Best explains that he unsuccessfully sought legal assistance inside the prison concerning his MAR, Pet. [D.E. 1] 13, unfamiliarity with the legal process, lack of representation,

7-8] 2. Best, however, signed the document on December 4, 2013. See [D.E. 7-9] 6. Thus, the court uses the earlier date.

5

and even illiteracy do not constitute grounds for equitable tolling. See, e.g., Sosa, 364 F.3d at 512–13; Harris, 209 F.3d at 330–31 (collecting cases). Best has not established that extraordinary circumstances delayed his filing of his section 2254 petition. Thus, the court overrules his objection.

Next, Best argues that the evidence at trial did not support his conviction and that Judge Numbers ignored the exhibit that Best filed with his cross-motion for summary judgment [D.E. 13-1]. See [D.E. 17] 2–3; [D.E. 21] 2–3. Best's exhibit contains documents and arguments concerning the merits of his state-court conviction and concludes with a page from Best's habeas petition. See [D.E. 13-1].

Best's objections to the merits of his conviction do not relate to the analysis or conclusions contained in the M&R, but instead raise claims that are not before the court. See Fed. R. Civ. P. 72(b)(2) (objections must be to the magistrate judge's proposed findings and recommendations); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Thus, these objections are overruled.

II.

In sum, the court ADOPTS Judge Numbers' conclusion in the M&R [D.E. 16] that petitioner's habeas petition is untimely, OVERRULES petitioner's objections to the M&R [D.E. 17, 21], GRANTS respondent's motion for summary judgment [D.E. 6], DENIES Best's cross-motion for summary judgment [D.E. 12], and DISMISSES Best's petition [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This ⁊ day of March 2016.

JAMES C. DEVER III
Chief United States District Judge

6